# Exhibit 3

Case 12-11564-CSS Doc 1015 Filed 03/21/13 Page 1 of 6

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALLIED SYSTEMS HOLDINGS, INC. *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 12-11564 (CSS)<br>(Jointly Administered)<br><br>Ref. Nos. 858, 876 and *1006* |

### ORDER (A) GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR STANDING TO PROSECUTE CERTAIN CLAIMS OF THE DEBTORS ESTATES, (B) GRANTING MOTION OF PETITIONING CREDITORS FOR LEAVE TO INTERVENE, AND (C) GRANTING RELATED RELIEF

Upon consideration of (a) the Motion Of The Official Committee Of Unsecured Creditors For An Order Authorizing The Committee To Pursue Certain Claims And Causes Of Action Of The Debtors' Estates [D.I. 858] (the "Committee's Motion") and (b) the Motion And Memorandum Of Law Of Petitioning Creditors For Entry Of An Order (I) Pursuant To U.S.C. §105(a) Granting Standing To Petitioning Creditors To Prosecute Certain Claims Of The Debtors Estates For, *Inter Alia,* Equitable Subordination, Breach Of Fiduciary Duty, Aiding And Abetting Breach Of Fiduciary Duty And Breach Of Contract, Or Alternatively (II) Granting Petitioning Creditors Leave To Intervene As Plaintiffs In Adversary Proceeding No. 13-50530 Pursuant To Federal Rule Of Civil Procedure 24 [D.I. 876] (the "Petitioning Creditors' Motion", and together with the Committee Motion, the "Standing Motions"), and; the Court finding that (i)

---

[1] The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: Allied Systems Holdings, Inc. (58-0360550); Allied Automotive Group, Inc. (58-2201081); Allied Freight Broker LLC (59-2876864); Allied Systems (Canada) Company (90-0169283); Allied Systems, Ltd. (L.P.) (58-1710028); Axis Areta. LLC (45-5215545); Axis Canada Company (875688228); Axis Group, Inc. (58-2204628); Commercial Carriers, Inc. (38-0436930); CT Services. Inc. (38-2918187); Cordin Transport LLC (38-1985795); F.J. Boutell Driveaway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems. LLC (45-4241751); Logistic Technology, LLC (45-4242057): QAT, Inc. (59-2876863): RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582).

Case 72-11564-CSS    Doc 1015    Filed 03/21/13    Page 2 of 6

it has jurisdiction over the Standing Motions pursuant to 28 U.S.C. §§ 157 and 1334, (ii) the

Standing Motions are core proceedings pursuant to 28 U.S.C. § 157(b)(2); and (iii) venue is

proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and

adequate notice has been given with respect to the Standing Motions and no other or further

notice is necessary; and the Court having conducted a hearing in respect of the Standing Motions

on February 27, 2013 (the "Hearing"); and the Court having considered all arguments of counsel

and objections raised at the Hearing, and the submissions of parties-in-interest, including

(without limitation) (x) the Debtors' Consolidated Response To: (A) Motion Of The Official

Committee Of Unsecured Creditors For An Order Authorizing The Committee To Pursue

Certain Claims and Causes of Action Of The Debtors' Estates and (B) Motion And

Memorandum Of Law Of Petitioning Creditors For Entry Of An Order (I) Pursuant To U.S.C.

§105(a) Granting Standing To Petitioning Creditors To Prosecute Certain Claims Of The Debtors

Estates For, *Inter Alia,* Equitable Subordination, Breach Of Fiduciary Duty, Aiding And

Abetting Breach Of Fiduciary Duty And Breach Of Contract, Or Alternatively (II) Granting

Petitioning Creditors Leave To Intervene As Plaintiffs In Adversary Proceeding No. 13-50530

Pursuant To Federal Rule Of Civil Procedure 24 [D.I. 907] ("Debtors' Response"), (y) Defendant

Mark Gendresgske's Response to Standing Motions [D.I. 906] ("Gendreske Objection"), and (z)

the Response of the Official Committee of Unsecured Creditors to the Motion And

Memorandum Of Law Of Petitioning Creditors For Entry Of An Order (I) Pursuant To U.S.C.

§105(a) Granting Standing To Petitioning Creditors To Prosecute Certain Claims Of The Debtors

Estates For, *Inter Alia,* Equitable Subordination, Breach Of Fiduciary Duty, Aiding And

Abetting Breach Of Fiduciary Duty And Breach Of Contract, Or Alternatively (II) Granting

Petitioning Creditors Leave To Intervene As Plaintiffs In Adversary Proceeding No. 13-50530

Pursuant To Federal Rule Of Civil Procedure 24 [D.I. 925] (the "Committee Response"); and

sufficient cause having been shown; and for the reasons stated by the Court on the record at the

Hearing, it is hereby ORDERED as follows:

, *as set forth herein*

   1.  The Committee Motion is granted. The Committee shall have standing to

prosecute the claims and causes of action (the "Claims") set forth in the Adversary Proceeding

No. 13-50530 (as the same may be amended from time to time; the "Committee Adversary

Proceeding") on behalf of the Debtors' estates.

   2.  The Petitioning Creditors' request for standing to prosecute the claims in

the Adversary Proceeding No. 13-50499 (the "Petitioning Creditors' Adversary Proceeding") is

withdrawn ~~without prejudice~~.

   3.  The Petitioning Creditors' request to intervene in the Committee

Adversary Proceeding as plaintiffs, on behalf of themselves and not on behalf of the Debtors'

estates, is granted. *The Petitioning Creditors shall be bound by orders, decisions and all proceedings in this case as if they were the plaintiffs.*

   4.  The caption of the Committee Adversary Proceeding shall be amended to

read as follows:

3

{935.001-W0025311.}

```
-----------------------------------------------------------------x
In re:                                          :
                                                :  Chapter 11
Allied Systems Holdings, Inc. et al,            :
                                                :  Case No.: 12-11564 (CSS)
                         Debtors.               :  (Jointly Administered)
----------------------------------------------------------- x
The Official Committee of Unsecured Creditors of :
Allied Systems Holdings, Inc. and its Affiliated :
Debtors, on behalf of Allied Systems Holdings,   :  Adversary Proceeding No. 13-50530
Inc. and it Affiliated Debtors,                  :
                                                 :
                         Plaintiffs,             :
                                                 :
Black Diamond Opportunity Fund II, LP, Black     :
Diamond CLO 2005-1 Ltd., and Spectrum            :
Investment Partners, L.P.,                       :
                                                 :
                         Intervenors,            :
                                                 :
                    - against -                  :
                                                 :
Yucaipa American Alliance Fund, I, LP, Yucaipa   :
American Alliance (Parallel) Fund I, L.P., Yucaipa :
American Alliance Fund, II, LP, Yucaipa          :
American Alliance (Parallel) Fund II, L.P., Mark :
Gendregske, Jos Opdeweegh, James Frank, Derex
Walker, Jeff Pelletier, Ira Tochner and Joseph
Tomczak,

                         Defendants.
-----------------------------------------------------------------x
```

5.    The Debtors' Response and the Committee Response, to the extent not withdrawn at the Hearing or otherwise resolved by entry of this Order, and the Gendregske Objection, are hereby overruled.

6.    The Petitioning Creditors' Adversary Proceeding shall be dismissed without prejudice, and all discovery heretofore issued in the Petitioning Creditors' Adversary Proceeding shall be deemed withdrawn.

4

{935.001-W0025311.}

Case 12-11564-CSS Doc 1015 Filed 03/21/13 Page 5 of 6

7.     The Petitioning Creditors, as intervenors, will be entitled to participate in the Committee Adversary Proceeding, including, without limitation, discovery, mediation and trial.   Notwithstanding the foregoing, the Petitioning Creditors shall rely upon the discovery heretofore issued by the Committee, provided however, that the Petitioning Creditors shall have the rights to issue supplemental discovery requests as contemplated by the Scheduling Order [Dkt. No. 919].

8.     The Petitioning Creditors and the Committee shall use reasonable best efforts to avoid duplication and burden, including with respect to discovery.   The Petitioning Creditors and Committee shall coordinate with respect to depositions so as to comply with Rule 7030 of the Federal Rules of Bankruptcy Procedure.   For the avoidance of doubt, the examination of each witness deposed shall be limited to 1 day of 7 hours unless otherwise authorized by the Court and/or applicable law.

9.     The Petitioning Creditors and Committee shall coordinate whether or not to file an amended complaint (if appropriate) in the Committee Adversary Proceeding.

10.     The Committee shall have ultimate decision making authority to prosecute the claims and causes of action contained in the Committee Adversary Proceeding, including, without limitation, the decision whether to file an amended complaint.   However, the Committee shall consult with the Petitioning Creditors in good faith before any such decisions are made by the Committee.

11.     The Committee shall have the right to seek relief from the Court to modify the scope of the Petitioning Creditors' intervention in the Committee Adversary Proceeding in the event the Committee determines, in good faith, that the Petitioning Creditors' conduct as intervening plaintiffs is not in the best interests of the Debtors' estates and their creditors. All other parties to the adversary proceeding may seek relief from the Court to modify the scope of the Petitioning Creditors' intervention in the Committee Adversary Proceeding solely on the basis that the Petitioning Creditors are acting in bad faith and the movant is suffering unfair prejudice as a result of the Petitioning Creditors' bad faith.

Case 12-11564-CSS Doc 1015 Filed 03/21/13 Page 6 of 6

12.     The Committee, the Petitioning Creditors and the Debtors are each hereby vested with the authority to settle Claims.  Any settlement of the Claims shall only be approved pursuant to an Order of the Bankruptcy Court authorizing and approving such settlement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (a "9019 Order"), and all parties, including the Debtors, reserve the right to object to the entry of any such 9019 Order.

13.     The Petitioning Creditors shall bear their own costs and expenses incurred as Intervening Plaintiffs in connection with their participation in the Committee Adversary Proceeding, provided, however, that the Petitioning Creditors reserve the right to seek payment of those costs and expenses as a "substantial contribution" from the Debtors' estates under Section 503(b) of the Bankruptcy Code.  The rights of all parties in interest with respect to any such request are hereby preserved.

14.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.


Dated:  March 21, 2013
        Wilmington, Delaware        THE HONORABLE CHRISTOPHER S. SONTCHI
                                    UNITED STATES BANKRUPTCY JUDGE

{935.001-W0025311.}